CINCINNATI, GEORGETOWN & PORTSMOUTH RY. v. AUGUSTUS BURKHARDT ET AL.

1. INJURY FROM UNINTENTIONALLY PROJECTING ARM FROM CAR.

    A petition in an action for injuries to the arm of plaintiff while it was pro-jected from a window of the car in which he was a passenger, alleging that while he "was sitting in said car with his arm on the window sill, it was thrown out of the window by a sudden jerk or movement of the car," states a good cause of action, when taken in connection with allegations as to the dangerous construction of parallel tracks and the proximity of the cars to each other.

2. ERROR TO INSTRUCT JURY AS TO MATTERS NOT IN EVIDENCE.

    In the absence of allegations or evidence as to faulty construction or im-proper rate of speed of the car, it is error to instruct the jury with refer-ence to those matters.

3. TEST AS TO KNOWLEDGE OF DANGER.

    The proper test as to knowledge of danger under such circumstances is not that possessed by plaintiff, but that of persons of ordinary care and prudence when placed under like circumstances.

ERROR to Hamilton common pleas court.

**F. F. Dinsmore,** for plaintiff in error.

**Murray Seasongood** and **H. C. Busch,** for defendants in error.

SMITH, J.

The first error urged by the plaintiff in error is that the verdict is against the weight of the evidence; but upon an examination of the record we cannot so hold.

We do not think there was any error in the court in allowing the plaintiff to amend his petition by inserting the words therein, "while plaintiff was sitting in said car with his arm upon the window sill, it

Hamilton County.

was thrown out of the window by a sudden jerk or movement of the car." In other words, by this amendment the plaintiff states that his arm was not "intentionally and needlessly projected out of the window of the car." The amended petition, therefore, alleges a good cause of action.

The negligence complained of is that "by reason of the dangerous construction of the tracks of the company" at the point where the accident occurred, "and the dangerous proximity of the cars to each other" at that point, the arm of the defendant in error was injured without any fault on his part, the same being projected "unintentionally and needlessly out of the window of the car."

This was the issue, and the case was tried upon that theory. This being so, it was error for the court to charge the jury relative to the operation of the cars at an improper rate of speed, or as to the construction of the cars, as there was no evidence upon these points to show improper speed or faulty construction.

We think charge No. 1 is too broad and includes in it matters not set up in the petition or claimed by the evidence.

Charge No. 2 is erroneous in that the "knowledge of the plaintiff" is not the test, but the knowledge possessed by a person of ordinary care and prudence under the same circumstances.

Charge No. 6 is opposed to the rule laid down in *Interurban Ry. & Term. Co.* v. *Hancock,* 75 Ohio St. 88 [78 N. E. Rep. 964]. We see no objection to charges 4 and 5.

For above reasons the judgment below is reversed.

**Swing** and **Giffen, JJ.,** concur.